David J. McGlothlin, Esq. (SBN: 026059)
David@southwestlitigation.com
**Hyde & Swigart**
One East Camelback Road, Suite 300
Phoenix, AZ 85012-1677
Telephone: (602) 265-3332
Facsimile:  (602) 230-4482

Attorneys for the Plaintiffs
Will and Jina Anderson

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Will Anderson and Jina Anderson<br><br>Plaintiffs,<br><br>v.<br><br>Law Office of Curtis O Barnes, PC<br><br>Defendant. | **Case Number:**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Will and Jina Anderson, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of Law Office of Curtis O Barnes, PC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, Plaintiffs allege that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8. Because Defendant is located in California, they are subject to the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

9. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

**PARTIES**

11. Plaintiffs are natural persons who reside in the City of Phoenix, County of Maricopa, State of Arizona.

12. Defendant is located in the City of Anaheim, the County of Orange, and the State of California.

13. Plaintiffs are obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

15. Plaintiffs are a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are a "debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

18. At all times relevant to this matter, Plaintiffs were an individual residing within the State of Arizona.

19. At all times relevant, Defendant conducted business within the State of Arizona and California.
20. Sometime before January 2010, Plaintiffs are alleged to have incurred certain financial obligations.
21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).
22. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).
23. Sometime thereafter, but before January 2010, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently takes no position as to the validity of this alleged debt.
24. Subsequently, but before January 2010, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.
25. On or about January 2010, Defendant began making regular collection calls to Plaintiffs in an attempt to collect the debt.
26. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).
27. On or about January 2010, Defendant's agent, Mr. Aragon, called Paula Richard in an attempt to reach Plaintiffs in an attempt to collect the alleged debt.
28. During this conversation, Defendant's agent discussed Plaintiffs' account with Paula Richard in great detail.

**Complaint**  — 4 of 12 —

29. Paula Richard is a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b). This call was a "communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

30. Because this action violated the language in the language in 15 U.S.C. § 1692c(b), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

31. Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the consumer owed a debt. Consequently, Defendant violated 15 U.S.C. § 1692b(2).

32. Because this action violated the language in the language in 15 U.S.C. § 1692b(2), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692b(2).

33. On or about January 25, 2010, Defendant's agent, Mr. Aragon, again called Paula Richard in an attempt to reach Plaintiffs in an attempt to collect the alleged debt.

34. During this conversation, Defendant's agent again discussed Plaintiffs' account with Paula Richard in great detail.

35. Paula Richard is a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b). This call was a "communication" as 15 U.S.C. §1692a(2) defines

that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

36. Because this action violated the language in the language in 15 U.S.C. § 1692c(b), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

37. Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the consumer owed a debt. Consequently, Defendant violated 15 U.S.C. § 1692b(2).

38. Because this action violated the language in the language in 15 U.S.C. § 1692b(2), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692b(2).

39. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person *more than once* without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3).

40. Because this action violated the language in the language in 15 U.S.C. § 1692b(3), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692b(3).

41. On or about March 16, 2010, Defendant's agent, Mr. Aragon, again called Paula Richard in an attempt to reach Plaintiffs in an attempt to collect the alleged debt.

42. During this conversation, Defendant's agent again discussed Plaintiffs' account with Paula Richard in great detail.

43. Paula Richard is a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b). This call was a "communication" as 15 U.S.C. §1692a(2) defines that term.  This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector.  This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

44. Because this action violated the language in the language in 15 U.S.C. § 1692c(b), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692c(b).

45. Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the consumer owed a debt.  Consequently, Defendant violated 15 U.S.C. § 1692b(2).

46. Because this action violated the language in the language in 15 U.S.C. § 1692b(2), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692b(2).

47. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person *more than once* without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3).

48. Because this action violated the language in the language in 15 U.S.C. § 1692b(3), Defendants also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692b(3).

49. During this conversation, Paula Richard again requested to not be called again. Defendant's agent then stated that Mrs. Richard's name was stated on the loan papers and therefore he could continue to call them until Plaintiffs responded to Defendant or paid their debt.

50. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

51. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

52. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

53. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

54. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

55. Defendant's agent also stated it was Mrs. Richard's "responsibility" to give Plaintiffs the message.

56. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

57. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

58. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

59. Finally, Defendants agent, also threatened Mr. and Mrs. Richards stating that since their name was associated with Plaintiffs' loan papers (as a reference), Defendant's could access Mr. and Mrs. Richard's financial information.

60. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because

this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

61. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

62. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

63. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

64. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

65. Due to Defendant's actions, Plaintiffs suffered a great deal of mental anguish including but not limited to the following symptoms: embarrassment, humiliation, stress, anxiety, restlessness, and irritability, feelings of guilt, helplessness, hopelessness, depression and pessimism which all impacted their personal relationships.

### CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

66. Plaintiffs repeat, re-allege, and incorporates by reference, all other paragraphs.

67. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

68. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each plaintiff; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)
### CAL. CIV. CODE §§ 1788-1788.32

69. Plaintiffs repeat, re-allege, and incorporates by reference, all other paragraphs.

70. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32

71. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for each plaintiff; and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and Plaintiffs be awarded damages from Defendants, as follows:

//

//

//

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

72. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

73. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) for each plaintiff;

74. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

75. An award of actual damages pursuant to Cal. Civ. Code § 1788.30(a);

76. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b) for each plaintiff;

77. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

78. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: April 14, 2010

**Hyde & Swigart**

By:  /s/David J. McGlothlin
David J. McGlothlin
Attorneys for the Plaintiff